UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HOUSTON SPECIALTY INSURANCE
COMPANY, ET AL.

CIVIL ACTION

VERSUS

FREIGHTZ TRANSPORTATION,
INC, ET AL.

NO.: 14-00576-BAJ-EWD

RULING AND ORDER

Before the Court is Plaintiff Houston Specialty Insurance Company's ("Houston Specialty") **Motion for Summary Judgment (Doc. 46)** and YRC Worldwide, Inc.'s ("YRC") **Motion for Partial Summary Judgment (Doc. 47)**. Houston Specialty seeks a ruling that, as a matter of law, YRC owes Houston Specialty $167,000 in damages. (Doc. 46 at p. 1). YRC seeks a ruling from this Court setting the maximum liability, if any. (Doc. 47 at p. 1). For reasons explained fully herein, Houston Specialty's **Motion for Summary Judgment (Doc. 46)** is **DENIED** and YRC's **Motion for Partial Summary Judgment (Doc. 47)** is **GRANTED**.

I. BACKGROUND

This case arises from the damage to a 2005 Siemens Biograph 16 High Resolution PET/CT Scanner – NISR4029, Serial No. 001334 ("scanner") during shipment from Minneapolis, Minnesota to Denham Springs, Louisiana. (Doc. 46-1 at p. 1). Marquis Medical owned the Scanner, and Houston Specialty insured Marquis

1

Medical. (*Id.*). YRC transported the scanner, with Freightz Transportation, Inc. ("Freightz") acting as intermediary between YRC and Marquis Medical. (*See Id.*). The vendor that sold the Scanner to Marquis Medical was Clinical Health Systems, Inc. ("CHS") (Doc. 1 at p. 3). It is uncontroverted in the cross motions that the scanner was in working order prior to being loaded for the shipment, but became dislodged in its shipping container at some point during the delivery process and became damaged beyond repair. (*Id.* at 3).

Marquis Medical, after unsuccessfully seeking payment from Freightz and YRC, then submitted an insurance claim with Houston Specialty. (*Id.* at 5). Houston Specialty paid for the value of the scanner, minus the salvage value. (*Id.*). Houston Specialty then brought suit against Freightz, YRC, CHS, and the unknown insurance companies of the three defendants. (*See* Doc. 1). The claims against Freightz were severed and transferred to the United States District Court for the Middle District of Florida. (Doc. 36). Subsequently, the Clerk of Court entered a default against CHS for failing to plead or otherwise defend the suit. (Doc. 43). Afterward, Houston Specialty and YRC filed cross motions for summary judgment. (Docs. 46, 47).

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing

that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263. On the other hand, the non-movant's burden is not satisfied merely upon a showing of "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled

to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

This case arises under the Carmack Amendment, which provides the sole remedy to shippers for the actual loss or damage to their goods that occurs in interstate transit. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 777 (5th Cir. 2003). Under the statute a carrier is liable to a shipper for the damage of goods, but such liability can be subject to liability limitations. *Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1011 (5th Cir. 2010). "[A] carrier may limit its liability if it: (1) maintains a tariff . . . ; (2) obtains the shipper's agreement as to her choice of liability; (3) gives the shipper a reasonable opportunity to choose between two or more levels of liability; and (4) issues a receipt or bill of lading prior to moving the shipment." *Id.* (internal citation omitted).

Finally, when an intermediary is involved—such as in this case—courts evaluate whether liability is limited based on the relationship between the intermediary and the carrier. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 33 (2004) ("When an intermediary contracts with a carrier to transport goods, the cargo owner's recovery against the carrier is limited by the liability limitation to which the intermediary and carrier agreed."); *Werner Enterprises, Inc. v. Westwind Mar. Int'l, Inc.*, 554 F.3d 1319, 1323–24 (11th Cir. 2009) (holding that a cargo owner is bound by the liability limitation agreed to between the intermediary and the carrier). Thus, the

4

question for this case is, whether under the Carmack Amendment, YRC properly limited its liability in its relationship with the intermediary Freightz?

The Court is persuaded that pursuant to the standards of the Fifth Circuit, it has done so. The first factor is whether the carrier has maintained a tariff. *Tran Enterprises, LLC*, 627 F.3d at 1011. Here, it is uncontroverted that YRC has done so, and therefore, the first element is met. (Doc. 47 at pp. 2-3 ¶¶3-15).

As instructed in *Trans Enterprises,* the second factor is whether the carrier (or intermediary) obtained the shipper's agreement as to the choice of liability. *See* 627 F.3d at 1011. Here, Tariff 100 item 780 and Tariff 299 offered different levels of liability. (Doc. 47 at p. 2 ¶10). In this case, Freightz, as intermediary for Marquez Medical, agreed to the liability for $.50 per pound limitation for used goods, and paid the applicable rate for such liability. (Doc. 47 at p. 2 ¶¶3-11). Thus, the second element is met.

The third factor is whether the shipper provided a reasonable opportunity to choose between two or more levels of liability. 627 F.3d at 1011. Freightz utilized YRC's online tool to request specific pricing that featured a corresponding liability limit, and the correlating tariff could have been requested or viewed online by the intermediary. (Doc. 47 at p. 2 ¶¶3-11, p. 3 ¶¶17-18, pp. 4-5 ¶¶20-25). Marquis Medical's intermediary was also provided a Volume Quote Confirmation, and this set forth the agreed upon rate and the tariff which set forth the limitations of liability. (*Id.* at p. 4 ¶22).

The final factor is whether the carrier issued a bill of lading prior to moving the shipment. 627 F.3d at 1011. Here, a bill of lading was issued prior to shipment. (Doc. 47 at p. 3 ¶14). Thus, the final factor is met. The Court concludes that YRC properly limited its liability.

As a result, the Court also concludes that Houston Specialty's motion for summary judgment, which asks the Court to find that liability has *not* been limited, must be denied.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Plaintiff Houston Specialty Insurance Company's **Motion for Summary Judgment (Doc. 46)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant YRC Worldwide, Inc.'s **Motion for Partial Summary Judgment (Doc. 47)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant YRC Worldwide, Inc.'s liability is limited to $.50 per pound for used commodities with a maximum liability of $10,000 per incident.

Baton Rouge, Louisiana, this 22nd day of November, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**